**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 07-4571**

───────────────

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

SHIRELLE DENISE LOCKE,

　　　　　Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:05-cr-00036)

───────────────

Submitted:  February 29, 2008　　　Decided:  March 14, 2008

───────────────

Before WILKINSON and MOTZ, Circuit Judges, and WILKINS, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Tolly A. Kennon, III, KENNON & ASSOCIATES, Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Shirelle Denise Locke pled guilty to one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1) (West 2000 & Supp. 2007).  The district court sentenced Locke to sixty months in prison.  Locke timely appeals.

A federal grand jury returned a three-count indictment against Locke, charging her with possession with intent to distribute marijuana, in violation of 21 U.S.C.A. § 841(a)(1), (b) (West 1999 & Supp. 2007), using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000).  The magistrate judge granted Locke's motion for a psychiatric or psychological evaluation and, over the course of her forty-five day stay at the Federal Detention Center in Miami, Florida ("FDC Miami"), Locke was evaluated by forensic psychologist, Manuel E. Gutierrez, Ph.D.

After reviewing Locke's medical and criminal records, observing her in the prison environment, interviewing her, and subjecting her to several psychological tests, Gutierrez concluded that Locke suffered from some mental disorders, but that she was malingering with respect to her psychiatric symptoms and recommended a finding of competency to stand trial.  Following a competency hearing, the magistrate judge found Locke competent to stand trial.  However, at a subsequent hearing conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure, where Locke

had intended to enter a straight-up guilty plea to all three counts with which she was charged, Locke expressed confusion about the day and month and stated that she thought she was in court for a jury trial. The magistrate judge terminated the hearing. Through counsel, Locke requested a new mental competency evaluation from a psychologist not associated with Dr. Gutierrez. Instead, the district court ordered that Dr. Gutierrez perform a reevaluation, noting that he wanted the psychologist to reassess his conclusions in light of Locke's behavior at the Rule 11 hearing.

Locke returned to FDC Miami where she stayed for twenty-two days, and Dr. Gutierrez reevaluated her to determine if she was still malingering. He reviewed the audiotape of the Rule 11 hearing, additional medical records that had been previously unavailable, and conducted psychological testing with specific indices for malingering. Based on this information, Dr. Gutierrez concluded once more that Locke was malingering and was competent to stand trial.

Locke was also examined by psychologist William M. Tyson, Ph.D., who reviewed Locke's medical records, the data and reports generated by Dr. Gutierrez, and, on a single day, conducted his own psychological tests. Dr. Tyson disagreed with Gutierrez's conclusion that Locke was malingering and found that, while competent, she was likely to quickly become incompetent during legal proceedings. After another competency hearing, where Drs. Gutierrez and Tyson both testified and Locke was briefly questioned, the court found Locke competent to stand trial. She

then entered a plea agreement and pled guilty to the § 924(c)(1) offense.

Locke first contends on appeal that the district court erred by finding her competent to stand trial. In making a competency determination, the district court must decide whether the defendant has "'sufficient present ability to consult with h[er] lawyer with a reasonable degree of rational understanding . . . and whether [s]he has a rational as well as factual understanding of the proceedings against h[er].'" United States v. Robinson, 404 F.3d 850, 856 (4th Cir. 2005) (quoting Dusky v. United States, 362 U.S. 402 (1960)). A court must find a defendant incompetent if it determines, "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering h[er] mentally incompetent to the extent that [s]he is unable to understand the nature and consequences of the proceedings against h[er] or to assist properly in h[er] defense." 18 U.S.C. § 4241(d) (2000). Indicia of competence can include a defendant's behavior, her demeanor at trial, and any medical opinion on competence. United States v. Mason, 52 F.3d 1286, 1290 (4th Cir. 1995). The competency standard for pleading guilty is identical to that for standing trial. Godinez v. Moran, 509 U.S. 389, 391 (1993). This court reviews a district court's competency determination for clear error. United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992).

Here, the court considered the evaluations and testimony of two psychologists: Dr. Gutierrez, who diagnosed Locke with

mental disorders but found that she was competent and malingering psychiatric symptoms, and Dr. Tyson, who found Locke competent but likely to quickly become incompetent during legal proceedings. Dr. Gutierrez's conclusion that Locke was malingering was based on two multi-week evaluations of Locke that entailed numerous tests, including several that specifically measured malingering. Dr. Tyson evaluated Locke for only one day and the psychological assessment he conducted did not incorporate any tests that included specific indices for malingering.

Dr. Tyson reviewed the data considered by Dr. Gutierrez, as well as the tests conducted and the reports generated by Gutierrez upon which he based his determination that Locke was competent. Tyson questioned the validity of Gutierrez's diagnosis of malingering because Locke was prescribed several medications for mental disorders while under Gutierrez's care and the experts agreed she suffered from mental disorders. However, neither the fact that an individual has mental disorders nor that she is prescribed psychiatric medications requires a finding of incompetency. See Burket v. Angelone, 208 F.3d 172, 192 (4th Cir. 2000) ("Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges."). We also note that Locke's below average intelligence, history of violent behavior, and her bizarre conduct at the first Rule 11 hearing did not mean that she was incompetent to stand trial. Id. at 192 ("[N]either low intelligence, mental deficiency, nor

bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial.").

We find that the district court did not clearly err in choosing to credit Dr. Gutierrez's findings over those of Dr. Tyson and concluding that Locke was competent to stand trial. In addition, we note that the district court's decision to send Locke back to Gutierrez in order to have him reassess his initial findings in light of Locke's behavior at the first Rule 11 hearing and the magistrate judge's observation of her at that hearing, was a reasoned decision and did not amount to an abuse of discretion. Cf. Mason, 52 F.3d at 1289 (applying abuse of discretion standard to district court's decision whether to hold competency hearing); United States v. West, 877 F.2d 281, 285 n.1 (4th Cir. 1989) (same).

Accordingly, we affirm Locke's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED