**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0936n.06

**Case Nos. 13-4286/4289**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Dec 18, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| DON GOOCH and GERARD SCOTT, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendants-Appellants. | ) | |
| | ) | |
| | ) | |
| | ) | **O P I N I O N** |

BEFORE: McKEAGUE and KETHLEDGE, Circuit Judges; BERTELSMAN, District Judge.[*]

**McKEAGUE, Circuit Judge.** Gerard Scott and Don Gooch went to trial and were convicted of an $8 million tax-fraud scheme. The district court had appointed them counsel but the defendants chose to represent themselves after appointed counsel did not adopt their tax-protester theories of the case. In this appeal, Scott and Gooch argue the district court should have ordered evaluations of their competency, given their unusual tax-protester beliefs, as well as continuances to ensure them sufficient trial-preparation time. We affirm the district court. A tax-protester defense, taken alone, does not signal mental incompetence and bald assertions of unpreparedness do not establish actual prejudice.

---

[*] The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

## I.

Scott and Gooch's scheme involved a "rare" trust known as a "nonmortgage widely-held fixed investment trust" or NMWHFIT. Scott and Gooch submitted false tax returns on behalf of several NMWHFITs, reporting approximately $17 million in withholdings when no withholdings had been paid to the IRS. Scott and Gooch used the false returns to claim approximately $8 million in refunds before the scheme unraveled and the men were indicted on May 23, 2013, for conspiring to defraud the United States and for making false claims against the United States. On June 5, 2013, Gooch and Scott were each appointed counsel but it soon became clear that the men had not taken to their lawyers.

## A.

On June 26, Scott moved to represent himself. A hearing was held two days later, where Scott explained his belief that most represented defendants are "pretty much forced to plea or scared to take a plea" but that Scott had "exculpatory evidence … that would pretty much turn the tides[.]" Scott also suggested he was "an international diplomate with immunity and at peace with the United States, as well as a nonadverse party to the alleged allegation." The court reserved ruling on the motion but told Scott it was "leaning" toward granting it. On July 19, Scott's lawyer filed an 18 U.S.C. § 4241 motion to have Scott's competency evaluated. The court denied the motion.

## B.

Around the same time, Gooch began making pro se filings, including a notice declaring his lawyer incompetent and a motion to dismiss for lack of jurisdiction on the ground that Gooch was governed only "by God's law." Unsurprisingly, Gooch also stopped

talking to his lawyer, causing his lawyer to file a motion for leave to withdraw. The motion was denied. The lawyer then informed the court that Gooch wanted to represent himself. The court took up the request at a Friday, July 26 hearing, three days before trial. At the hearing, the court granted Gooch's request for self-representation as well as Scott's outstanding request from June 26. The lawyers were reassigned as standby counsel, and both confirmed that Gooch and Scott already had the needed discovery.

## C.

Trial began that Monday on July 29. At voir dire, Scott orally moved for a continuance, claiming he had received the discovery only after his motion was granted the Friday before and that he was unprepared for trial. The court reminded Scott that self-representation had been a possibility for much longer than Friday and, that according to his lawyer, discovery had also been turned over to Scott long before. The court denied the motion and the case proceeded to trial with Gooch and Scott representing themselves.

At trial, Gooch and Scott put forth an unusual defense. They claimed to know, even if the IRS did not, that NMWHFITs permitted a trustee to issue his own tax credits and thus, they had no intent to defraud the United States by claiming the credits. Gooch and Scott cross-examined the Government's witnesses on potential bias, among other things. The defendants called no witnesses of their own and did not testify in their own defense.

After three days of trial, the jury found Gooch and Scott guilty on all counts. Scott received a total concurrent sentence of 240 months and Gooch received a total concurrent sentence of 212 months. This appeal followed.

### III.

### A.

On appeal, Scott and Gooch fault the district court for not ordering competency evaluations before granting their self-representation motions. Because Scott moved for a competency evaluation, we ask whether denial of that motion was an abuse of discretion. *See United States v. Ross*, 703 F.3d 856, 857 (6th Cir. 2012) (citation omitted). Because Gooch did not make a motion, we ask whether the failure to order Gooch an evaluation was plain error. *See United States v. Mack*, 729 F.3d 594, 607 (6th Cir. 2013).

18 U.S.C. § 4241 requires a district court to order a competency evaluation, upon a party's motion or sua sponte, "if there is reasonable cause to believe" the defendant is incompetent to stand trial. *Id*. § 4241(a). A defendant is incompetent to stand trial when he lacks a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" or lacks "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960).

We have examined the record and conclude there was insufficient evidence to doubt the defendants' competence to stand trial. Yes, they espoused fringe views associated with the "sovereign citizen" or "tax protester" movement.[1] But merely believing in fringe views

---

[1] The "sovereign citizen" movement is a highly disperse, antigovernment movement. Tax protesting or tax defiance seems to be a logical consequence of the movement's beliefs. In general, sovereign citizens believe that the United States Government, including the IRS, is a fraud and that "they, the sovereign citizens, retain an individual common law identity exempting them from the authority of those fraudulent government institutions." *See A Quick Guide to Sovereign Citizens*, Univ. of N.C. Sch. of Gov't (Mar. 2013), http://www.sog.unc.edu/sites/www.sog.unc.edu/files/Sovereign%20citizens%20brief%20guide%20Mar%2013.pdf (last visited Dec. 15, 2014).

does not mean someone cannot cooperate with his lawyer or understand the judicial proceedings around him. *See United States v. James*, 328 F.3d 953, 955 (7th Cir. 2003).

Scott and Gooch seem to think otherwise. Scott's motion for a competency evaluation stated only that his "thought process appear delusional and irrational." Gooch's appellate brief points to Gooch's use of "the incomprehensible babble of … the 'Sovereign Nation' " as sufficient grounds to question Gooch's competence. While tax-protester beliefs may be "delusional and irrational" to many, the beliefs themselves are irrelevant to the *Dusky* competence standard. Instead, what matters is the defendant's ability to communicate with his lawyer and to understand the legal proceedings. *See Drope*, 420 U.S. at 171–72 (citing *Dusky*, 462 U.S. at 402).

Thus, the question is not whether a defendant has tax-protester or other fringe beliefs but whether possessing those beliefs establishes, without more, a deeper breakdown in communicative ability (i.e., ability to communicate with one's lawyers) or cognitive ability (i.e., ability to understand the ongoing legal proceedings). We answer that question as several of our sister circuits have: with a resounding "no." The Seventh Circuit put the point well:

> The only reason adduced, in the district court or this one, for thinking James incompetent to stand trial is the unusual nature of his beliefs….Many litigants articulate beliefs that have no legal support—think of tax protesters who insist that wages are not income, that taxes are voluntary, or that only foreigners must pay taxes; or think of homeowners who contend that because their property can be traced to a land grant signed by President Fillmore their mortgages can't be foreclosed. *Sometimes these beliefs are sincerely held, sometimes they are advanced only to annoy the other side, but in neither event do they imply mental instability or concrete intellect so deficient that trial is impossible.*

*James*, 328 F.3d at 955 (emphasis added); *see also United States v. Brown*, 669 F.3d 10, 18–19 (1st Cir. 2012); *United States v. Landers*, 564 F.3d 1217, 1222 (10th Cir. 2009); *United States v. Oehler*, 116 F. App'x 43, 45 (8th Cir. 2004).

Scott and Gooch were not incapable of communicating with their lawyers or of understanding the ongoing proceedings. Their statements in court showed they had discussed trial strategy with their attorneys but disagreed with them and decided the better course was to ignore the attorneys and represent themselves. An inability to communicate with counsel might be cause for concern. The *decision* not to speak to one's lawyer is a defendant's prerogative, not a sign of mental incompetence.

Additionally, the district court held hearings on the self-representation motions. At the hearings, Scott and Gooch affirmed that they grasped the severity of the charges against them and understood the proceedings generally. At trial, they cross-examined witnesses with a reasonable, though not necessarily sophisticated, understanding of evidentiary rules and concepts like witness bias. *See Robidoux v. O'Brien*, 643 F.3d 334, 339 (1st Cir. 2011) (a defendant must understand the "essentials—for example, the charges, basic procedure, possible defense—but not of legal sophistication"). And Scott and Gooch appeared to show respect, though disagreement, with the judge and standby counsel.

For these reasons, we find the district court did not abuse its discretion by denying Scott's motion for a competence evaluation or commit plain error by failing to order Gooch a competence evaluation sua sponte.[2]

---

[2] Some facts unique to Scott's appeal also require our attention. Aside from the unusual nature of his beliefs, Scott argues that his state-court referral in 2005 to a psychiatric clinic warranted a competency evaluation. This argument is unavailing. The referral was

**B.**

Scott and Gooch also challenge the district court's granting of their self-representation motions. This Court has yet to identify the standard of review for a trial court's decision to permit self-representation. *Ross*, 703 F.3d at 866–87. However, we need not resolve this issue since it is not dispositive and has not been briefed.

While the competence needed for self-representation is greater than the competence needed to stand trial, *see Indiana v. Edwards*, 554 U.S. 164, 177–78 (2008), Scott and Gooch's behavior did not suggest they were incompetent to represent themselves. The defendants made knowing and intelligent waivers of the right to counsel. The district court conducted in-depth colloquies and substantially asked the model questions set forth in the *Bench Book for United States District Judge*. *See Ross*, 703 F.3d at 867.

Yet, even after full and fair questioning and contrary recommendations from the judge, Scott and Gooch continued to insist on self-representation. Given Scott and Gooch's colloquies, the district court made a supported finding that they knowingly and voluntarily waived the right to counsel, even if the district court did not expressly state that the waivers were knowing and voluntary. *See United States v. Williams*, 641 F.3d 758, 766 (6th Cir. 2011). For these reasons, we affirm the district court's decision to permit self-representation.

---

made eight years before his tax-fraud indictment, and his lawyer could not find out, despite investigation, whether Scott visited the clinic and, if he did, whether he was diagnosed with any mental illness. Additionally, Scott's lawyer spoke to Scott's family and also could not find any indication of mental illness. Given that scarcity of information, the district court did not abuse its discretion by failing to order Scott a competency evaluation.

**C.**

Lastly, Scott and Gooch allege error as to *when* the district court granted their self-representation motions. Scott made his motion on June 26. Gooch made his on July 24. Neither motion was granted until July 26, three days before trial. Scott and Gooch claim this timing denied them due process because it left them insufficient time to prepare for trial.

Because Scott moved for a continuance—albeit on the first day of trial—we take Scott to be appealing the denial of that motion. The denial of a motion for a continuance is reviewed for abuse of discretion. *United States v. Ellens*, 43 F. App'x 746, 749 (6th Cir. 2002) (citation omitted). "Denial amounts to a constitutional violation only if there is an unreasonable and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *United States v. Gallo*, 763 F.2d 1504, 1523 (6th Cir. 1985). The defendant must further show that "the denial resulted in actual prejudice to his defense." *Id.* at 1523 (quotation omitted). Actual prejudice is shown if the "continuance would have made relevant witnesses available or added something to the defense." *United States v. King*, 127 F.3d 483, 487 (6th Cir. 1997).

Because Gooch did not move for a continuance,[3] he failed to preserve the issue for appeal and must show that the failure to grant him a continuance was plain error.

The Court finds that Scott has not shown actual prejudice. Scott suggests that had a continuance been granted, he could have conducted additional research. Yet he fails to explain what issues needed research or how additional research would have added to his

---

[3] Gooch was aware of his ability to seek a continuance from the court. Earlier in the proceedings, his lawyer had requested—and been granted—a 14-day continuance to review discovery. Gooch attended the hearing on the lawyer's motion for a continuance.

8

defense.  Scott also suggests that, with more time, he could have learned how to admit the declarations which he alleged granted him the right tax credits.  This argument is meritless.

The declarations were not relevant evidence, as the district court noted.  Moreover, Scott had the assistance of standby counsel, the attorney originally serving as court-appointed counsel.  Standby counsel was familiar with the facts, and Scott had every opportunity to use standby counsel to his advantage.  Indeed, Scott was told by the district court to use standby counsel's assistance on evidentiary types of issues.

Lastly, Scott suggests the discovery was "thrown into [his] lap" after the self-representation motion was granted.  The record belies that assertion.  At the hearing where his self-representation motion was granted, Scott's lawyer confirmed Scott had received the needed discovery.  Scott also knew the district court was "leaning" toward granting his self-representation motion, giving Scott notice to prepare for self-representation.  For these reasons, we find the district court did not abuse its discretion in denying Scott's motion for a continuance.

Unlike Scott, Gooch did not seek a continuance after being granted the right to represent himself and, even in his brief, fails to specify how a continuance would have benefited his defense.  Instead, he summarily writes that "Don P. Gooch suffered prejudice by not having sufficient time to prepare for trial."  Gooch makes no attempt at substantively developing his argument and all that can be gleaned from his brief is that single, conclusory sentence.  This Court has warned that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) (internal quotations and citation omitted).

Gooch's brief fails to heed that warning and thus we find that Gooch has waived the right to challenge the failure to order him a continuance.

**IV.**

For the foregoing reasons, we **AFFIRM** the district court in all respects.