**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

David Antonio Little, Jr., Appellant.

Appellate Case No. 2021-000990

———————

Appeal From Chesterfield County
Roger M. Young, Sr., Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-033
Submitted January 1, 2024 – Filed January 31, 2024

———————

**AFFIRMED**

———————

Deputy Chief Appellate Defender Wanda H. Carter, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General Mark Reynolds Farthing,
both of Columbia; and Solicitor William Benjamin
Rogers, Jr., of Bennettsville, all for Respondent.

———————

**PER CURIAM:** David Antonio Little, Jr., appeals his convictions for three
counts of assault on a police officer while resisting arrest and concurrent sentences

of ten years' imprisonment. On appeal, he argues the trial court erred in finding him competent to stand trial. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err in finding Little competent to stand trial because Little had the ability to consult with his attorney, understood the nature and object of the proceedings, and had a rational and factual understanding of the proceedings against him. *See State v. Smith*, 411 S.C. 161, 168, 767 S.E.2d 212, 216 (Ct. App. 2014) ("In criminal cases, this court sits to review errors of law only and is bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Nance*, 320 S.C. 501, 504-05, 466 S.E.2d 349, 351 (1996) ("The trial court's determination of competency will be upheld if it has evidentiary support and is not against the preponderance of the evidence."); *State v. Bell*, 293 S.C. 391, 395-96, 360 S.E.2d 706, 708 (1987) ("The test for competency to stand or continue trial is whether the defendant has the sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational, as well as a factual, understanding of the proceedings against him.").

We conclude the trial court's observations of Little's behavior in court, as well as the forensic psychiatrist's testimony and evaluation, supported the trial court's finding of competency. *See United States v. Locke*, 269 F. App'x 292, 294 (4th Cir. 2008) ("Indicia of competence can include a defendant's behavior, [his] demeanor at trial, and any medical opinion on competence."); *State v Weik*, 356 S.C. 76, 81, 587 S.E.2d 683, 685 (2002) (holding the trial court did not err when it determined the defendant was competent to stand trial based on the trial court's own observations and expert witness testimony). Little demonstrated an understanding of the judicial system throughout the proceedings as shown by his identification of his attorney and of the nature of his charges; his inquiries about a bond hearing and the court's jurisdiction; and his descriptions of the roles of the prosecutor, trial court, and trial counsel. *Cf. United States v. Coleman*, 871 F.3d 470, 477 (6th Cir. 2017) (explaining defendant's challenge to the court's jurisdiction over him demonstrated he understood the proceedings were criminal in nature); *U.S. ex rel. Foster v. DeRobertis*, 741 F.2d 1007, 1012 (7th Cir. 1984) ("Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges."); *United States v. Gooch*, 595 F. App'x 524, 528 (6th Cir. 2014) ("An inability to communicate with counsel might be cause for concern. The *decision* not to speak to one's lawyer is a defendant's prerogative, not a sign of mental incompetence.").

Finally, we hold Little's assertions that, among other things, the trial was taking place in the country of "Al Morocco," and he was an "Asiatics Indigenous Native to this land," were the product of his adherence to Moor Sovereign Citizenry, rather than a delusion. While Moor Sovereign Citizenry is a fringe belief, believing in it does not indicate that one is incompetent. *Cf. Gooch*, 595 F. App'x at 527 ("[M]erely believing in fringe views does not mean someone cannot cooperate with his lawyer or understand the judicial proceedings around him."). Similarly, neither Little's antisocial personality disorder diagnosis nor his hostility towards the trial court rendered him incompetent. *See Burket v. Angelone*, 208 F.3d 172, 192 (4th Cir. 2000) ("[N]either low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial."); *Battle v. United States*, 419 F.3d 1292, 1299 (11th Cir. 2005) (noting "courtroom outbursts, odd behavior, and history of mental illness" did not "mandate a finding of incompetency"); *cf. United States v. Neal*, 776 F.3d 645, 657 (9th Cir. 2015) ("[C]ompetency will not be questioned when a defendant merely displays rude, uncooperative and sometimes wacky behavior."); *Coleman*, 871 F.3d at 477 ("'[O]bstreperous' behavior 'does not cast doubt on [a defendant's] mental acumen; many a person with no defense would rather play games, and try to goad the judge into error, than face the music politely.'" (quoting *United States v. James*, 328 F.3d 953, 956 (7th Cir. 2003))).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.